**FILED**
**U.S. District Court**
**District of Kansas**
09/11/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES W. McNEESE,**

**Plaintiff,**

**v.** **CASE NO. 26-3337-JWL**

**(FNU) ANDERSON, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas. Plaintiff has paid the filing fee.

Plaintiff alleges that on September 10, 2024, Deputy Anderson came into Plaintiff's cell while doing rounds on the third shift and injected a microchip into Plaintiff's right abdomen. (Doc. 1, at 2.) Plaintiff alleges that this was done without his consent. *Id*. Plaintiff claims that Deputy Bollinger held the door open for Deputy Anderson. *Id*. Plaintiff claims that District Attorney Joshua Steward and the Sedgwick County Court had something to do with the chip being placed in Plaintiff's body. *Id*. at 3.

Plaintiff claims that his First and Eighth Amendment rights were violated "because [he] didn't waive [his] preliminary hearing" and it was done without his consent *Id*. Plaintiff names as defendants: (fnu) Anderson, Sheriff Deputy; Joshua Steward, District Attorney; and (fnu) Bollinger, Sheriff Deputy. For relief, Plaintiff seeks to have the microchip removed from his body and to have his state criminal case dismissed.[1] *Id*. at 5.

[1] The Court noted in an order in one of Plaintiff's prior cases that Plaintiff's father submitted correspondence that included results from imaging Plaintiff had done in February 2025 for a possible abscess. *See McNeese v. Anderson*, Case No. 25-3083-JWL, Doc. 2, at 3 (D. Kan. June 2, 2025). The attached report states "POSSIBLE ABSCESS" under "Indications," and "THINKS HE WAS INJUECTED WITH A MICROCHIP" under "Comments." *Id*. at Doc. 6–1, at 6. The Court's order provides that the ultrasound examination "demonstrates no abnormality. No drainable fluid

The Court is dismissing this case as duplicative and frivolous or malicious. This is Plaintiff's eighth case that he has filed based on this same claim.[2] Case No. 24-3153 was dismissed for failure to state a claim on November 4, 2024. *McNeese v. Anderson*, Case No. 24-3153-JWL, Docs. 9, 10 (D. Kan.). Plaintiff filed a Notice of Appeal (Doc. 15) which was dismissed by the Tenth Circuit Court of Appeals for failure to prosecute. *Id*. at Doc. 22. Plaintiff then filed the same claims in Case No. 24-3227 on December 16, 2024. *See McNeese v. Anderson*, Case No. 24-3227-JWL (D. Kan.). On January 29, 2025, Case No. 24-3227 was dismissed as duplicative and as frivolous or malicious. *See id*. at Doc. 10.

On February 13, 2025, Plaintiff filed *McNeese v. Anderson*, Case No. 25-3026-HLT-ADM (D. Kan.). That case raised the same claim and was dismissed as duplicative on June 2, 2025. *Id*. at Doc. 35. Plaintiff appealed, and on September 18, 2025, the Tenth Circuit Court of Appeals entered an Order and Judgment affirming the District Court's dismissal. *Id*. at Doc. 81 (stating that McNeese has repetitively sued the same parties for the same allegations—*i.e.*, that he was injected with a foreign object—and has sought the same relief—*i.e.*, that the foreign object be removed, and his underlying state criminal case be dismissed). The Tenth Circuit agreed that the case was duplicative of the other actions Plaintiff filed in federal court. *Id*. at 5.

---

collection is visualized." *McNeese*, Case No. 25-3083-JWL, Doc. 2, at 3. The Court noted that the results stated in the report "seem to be at odds with Plaintiff's claim in his cases that whatever was inserted into his side still remains there." *Id*. at n.1. Plaintiff has also been advised in prior cases that "[a] prisoner may not seek release or dismissal of criminal charges as a remedy in a civil rights action; the proper action to seek release from custody is a habeas corpus petition rather than a civil rights action." *McNeese v. Anderson*, Case No. 24-3153-JWL, Doc. 5, at 4 (D. Kan. Sept. 25, 2024) (quoting *Ortberg v. Groves*, 2020 WL 1433483, at *3 (D. Kan. 2020)).

[2] All of Plaintiff's cases have made this same claim that Deputy Anderson placed an object in his abdomen during third shift. However, in earlier cases he claimed that it happened on a different date and that it was a "foreign object." *See McNeese v. Anderson*, Case No. 24-3153-JWL, Doc. 1, at 4–5 (D. Kan.) (claiming on page 4 that it was done on January 15, 2024, and claiming on page 5 that it was done on January 13, 2024); *McNeese v. Anderson*, Case No. 24-3227-JWL, Doc. 1, at 2–3 (D. Kan.) (claiming that Deputy Anderson placed "something" in his abdomen on January 5, 2024); *McNeese v. Anderson*, Case No. 25-3026-HLT-ADM, Doc. 3, at 3 (D. Kan.) (claiming that a foreign object was placed in his body on January 5, 2024); *McNeese v. Anderson*, Case No. 25-3267-JWL, Doc. 1, at 2 (D. Kan.) (using January 5, 2023, as the date).

Plaintiff continued to file these same claims in *McNeese v. Anderson*, Case No. 25-3060-JWL (D. Kan.); *McNeese v. Anderson*, Case No. 25-3073-JWL (D. Kan.); *McNeese v. Anderson*, Case No. 25-3083-JWL (D. Kan.); and *McNeese v. Anderson*, Case No. 25-3267-JWL (D. Kan.). The Court dismissed Case No. 25-3060 on April 4, 2025. *McNeese v. Anderson*, Case No. 25-3060-JWL, Doc. 4 (D. Kan. April 4, 2025). The Court's Memorandum and Order dismissing the case cautioned Plaintiff that any further actions filed by him based on this same incident may be summarily dismissed as duplicative and frivolous or malicious.[3] *Id.* at 2.

Despite the Court's warning, Plaintiff has filed this current case—his eighth case alleging the same claim and seeking the same relief. The Court dismisses this matter as duplicative. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Any further actions filed by Plaintiff based on this same incident may be summarily dismissed as duplicative and frivolous or malicious.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous or malicious.

[3] *See also McNeese*, Case No. 25-3267-JWL, Doc. 2, at 3 (D. Kan. Dec. 12, 2025) ("Any further actions filed by Plaintiff based on this same incident may be summarily dismissed as duplicative and frivolous or malicious.").

**IT IS SO ORDERED**.

**Dated September 11, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**